**GRAYROBINSON**

Andy Bardos | andy.bardos@gray-robinson.com | **D** 850-577-6959
301 South Bronough Street, Suite 600, Tallahassee, Florida 32301 | **T** 850-577-9090 | **F** 850-577-3311

June 24, 2024

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

  Re: Citation of Supplemental Authority
     *Disability Rights Florida v. Secretary, State of Florida*
     No. 23-13727 (11th Cir.)

Dear Mr. Smith:

  Appellees, the Florida Secretary of State and ten Supervisors of Elections, respectfully submit *FDA v. Alliance for Hippocratic Medicine*, No. 23-235 (U.S. June 13, 2024), as supplemental authority. *Alliance* abrogates the broad diversion-of-resources theory on which Appellants rely to establish their standing. *See* D.E. 43 at 26–29.

  In *Alliance*, four pro-life organizations challenged the FDA's approval of an abortion drug. Op. 1, 3–4. They claimed the FDA's actions caused them to divert considerable resources to conduct studies, inform their members of the drug's risks, draft citizen petitions, and engage in public advocacy and education. Op. 22. The Court concluded that the organizations lacked standing: an organization "cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's actions." *Id.*

  In the process, the Court distinguished *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), which originated the diversion-of-resources theory. Op. 22–23. There, a non-profit corporation formed to promote equal opportunity in housing claimed that a real-estate brokerage company violated the Fair Housing Act—specifically, a provision that made it unlawful to falsely represent to any person, because of the person's race, that a dwelling unit is unavailable for sale or rent. 455 U.S. at 367–68. The corporation adequately alleged organizational standing because it provided housing counseling services to its clients to promote equal access to housing, and the misrepresentations made to its employees impaired its ability to provide those services. *Id.* at 379. In turn, the corporation's efforts to overcome those misrepresentations caused a "consequent drain on [its] resources." *Id.*

Boca Raton | Fort Lauderdale | Fort Myers | Gainesville | Jacksonville | Key West | Lakeland
Melbourne | Miami | Naples | Orlando | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

gray-robinson.com

In *Alliance*, the Court explained that the corporate plaintiff in *Havens* had standing because the challenged "actions directly affected and interfered with [the corporation's] core business activities—not dissimilar to a retailer who sues a manufacturer for selling defective goods to the retailer." Op. 23. In contrast, the FDA's actions imposed no "similar impediment to the [organizations'] advocacy businesses." *Id*. The Court emphasized that *Havens* "was an unusual case" and that the Court "has been careful not to extend the *Havens* holding beyond its context." *Id*.

Sincerely,

/s/ *Nicholas J.P. Meros*

Nicholas J.P. Meros
*Counsel for Florida Secretary of State*

/s/ *Andy Bardos*

Andy Bardos
*Counsel for Supervisors of Elections for Charlotte, Collier, Indian River, Lake, Lee, Manatee, Marion, Monroe, Pasco, and Seminole Counties*