NICHOLAS J.P. MEROS
PARTNER
Shutts & Bowen LLP
215 South Monroe Street
Suite 804
Tallahassee, FL 32301
DIRECT (850) 241-1728
EMAIL NMeros@shutts.com

May 5, 2025

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re:   Notice of Supplemental Authority in *Disability Rights Florida v. Secretary, State of Florida*, No. 23-13727

Dear Mr. Smith:

*Mi Familia Vota v. Fontes*, 129 F.4th 691 (9th Cir. 2025), supports Appellees' position – not Appellants'.

There, the Court held that the Materiality Provision bars "any voting prerequisite that does not convey 'material' information that has a probability of affecting an election official's eligibility determination." *Id.* at 720. Florida's original-signature requirement easily satisfies that standard. An original signature affirms the truth of all information furnished on a voter-registration application, including the applicant's age, residency, citizenship, and identity, *i.e.*, that the person signing is the applicant. In so doing, it conveys material information and has a probable impact on the eligibility determination.

In *Mi Familia*, the Court invalidated Arizona's requirement that applicants check a box to affirm their citizenship – but only because Arizona also required those same applicants to produce documentary proof of citizenship. *Id.* at 720–21. The checkbox was therefore redundant. The Court also invalidated Arizona's requirement that applicants disclose their birthplaces, which had no relevance to Arizona's eligibility requirements. *Id.* at 722–23. Florida's original-signature requirement is neither redundant nor irrelevant.

Notably, *Mi Familia* did not hold that the Materiality Provision denies states the right to determine what forms of evidence are satisfactory. Indeed, if Appellants were right, then a state may not insist on any signature at all, since applicants could affirm the truth of their application information by email, phone, or other means. Nor could a state insist on the use of its prescribed application form, since applicants could convey the same information by letter, fax, or email. *Mi Familia* does not support Appellants' radical reinterpretation of the Materiality Provision.

Re: Notice of Supplemental Authority in *Disability Rights Florida v. Secretary, State of Florida*, No. 23-13727
May 4, 2025
Page 2

      Finally, *Mi Familia* does not suggest that the district court here erred in disposing of Appellants' claim at the pleading stage. In ruling on a motion to dismiss, a district court may "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The district court appropriately recognized that the formality of an original signature impresses on the signer the seriousness of the act and the importance of truthfulness and therefore has a material impact on the determination of voting eligibility.

      Sincerely,

/s/ *Andy Bardos*

Andy Bardos
*Counsel for Supervisors of Elections for Charlotte, Collier, Indian River, Lake, Lee, Manatee, Marion, Monroe, Pasco, and Seminole Counties*

/s/ *Nicholas J.P. Meros*

Nicholas J.P. Meros
*Counsel for Florida Secretary of State*