**Consovoy McCarthy** PLLC

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

April 3, 2026

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re:     Response to Notice of Supplemental Authority
        *Disability Rights Florida v. Secretary, State of Florida*
        No. 23-13727

Dear Mr. Smith:

Under Federal Rule of Appellate Procedure 28(j), the GOP Intervenors respond to Plaintiffs' letter regarding the Eight Circuit's decision in *Get Loud Arkansas v. Jester*, No. 24-2810 (8th Cir. Mar. 31, 2026). Plaintiffs cite the case as persuasive authority, but the opinion is anything but persuasive.

*First*, the *Get Loud* majority assumes much and reasons little, perhaps because it found arguments had been "forfeited." Op. 9. Judge Stras's dissent, however, persuasively explains why a wet-signature requirement complies with the materiality provision of the Civil Rights Act. Consider the meaning of "material." The majority opinion cites a single dictionary and never discusses statutory context. *Id.* at 8. Instead, it announces that information is immaterial unless state officials treat it as important in the registration process. *Id.* at 8-9. But Judge Stras considers text, context, caselaw, and other sources. *Id.* at 18-20 (Stras, J., dissenting). Though "material" can bear multiple meanings, he finds that the "statute as a whole" suggests materiality is "something closer to relevance." *Id.* at 18-19. The majority never answers that assessment.

*Second*, Plaintiffs argue that *Get Loud* supports their demand for "discovery" on materiality. Letter at 2. The *Get Loud* majority faulted the State Election Board for failing to produce "evidence" of how election officials used wet signatures. Op. 8-9. But whether materiality is a "factual question" depends on what the materiality standard is—a question only one of the opinions seriously considers. As Judge Stras explains, "materiality is about whether something *could* influence a decision, not whether it *does*." Op. 23 (Stras, J., dissenting). Courts don't need a developed record to ascertain the

logical connection between a wet-signature requirement and a voter's qualifications. Similar signature requirements have been used to give a form solemn weight and combat fraud for centuries. *Id.* at 21. So "the evidence" that the majority "wants is itself immaterial." *Id.* at 23.

Best regards,

Gilbert Dickey
Counsel for GOP Appellees