# GRAY ROBINSON

Andy Bardos | andy.bardos@gray-robinson.com | **D** 850-577-6959
301 South Bronough Street, Suite 600, Tallahassee, Florida 32301 | **T** 850-577-9090 | **F** 850-577-3311


April 6, 2026


David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

>     Re:     Response to Citation of Supplemental Authority
>             *Disability Rights Florida v. Secretary*, *State of Florida*
>             No. 23-13727 (11th Cir.)

Dear Mr. Smith:

This letter responds to Appellants' submission of *Get Loud Arkansas v. Jester*, No. 23-13727 (8th Cir. Apr. 2, 2026), as supplemental authority.

Judge Stras' well-written dissent in *Get Loud Arkansas* fully explains the majority's missteps and offers a far more luminous and persuasive analysis than the majority does. The dissent discusses in detail the long-standing pedigree of the original signature and its unique standing in Western legal tradition as a solemn act of affirmation. As Judge Stras explains, an original signature's "most obvious advantage" is "the 'solemn weight' of putting an actual pen to paper, which forces potential voters to think twice about lying in a way that drawing on a screen does not." Op. 20–21.

The majority opinion does not persuasively respond to this argument. It claims only that Arkansas made "no showing" that an original signature performs this cautionary function and that all voter-registration application forms—whether paper or electronic—recite the consequences of perjury. Op. 10–11. But as the dissent illustrates, no evidence is needed to establish that, as a legal formality, an original signature has a cautionary effect and thus "provides an added layer of security." Op. 22. And the question is not whether the application form discloses (perhaps in tiny print on the applicant's smartphone) the legal consequences of perjury, but rather whether an original-signature requirement encourages applicants to "think twice" about those consequences. Op. 20–21. Judge Stras correctly explains that it does.

Finally, Judge Stras' dissent makes clear that evidentiary proceedings are unnecessary. Judge Stras' analysis does not cite factual evidence submitted by the parties, but rather turns on legal and historical sources that disclose a well-founded, centuries-old belief in the utility of legal formalities such as seals and original signatures. And of course, in ruling on a motion to dismiss, a district court may "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Judge Stras' persuasive dissent thus confirms that the district court here correctly dismissed Plaintiffs' claims.

Boca Raton | Fort Lauderdale | Fort Myers | Gainesville | Jacksonville | Key West | Lakeland
Melbourne | Miami | Naples | Orlando | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

**gray-robinson.com**

David J. Smith
April 6, 2026
Page 2

Sincerely,

/s/ *Andy Bardos*

Andy Bardos
*Counsel for Appellees, Supervisors of Elections for Charlotte, Collier, Indian River, Lake, Lee, Monroe, Marion, Manatee, Pasco, and Seminole Counties*