

Nicholas J.P. Meros
*Partner*
**SHUTTS & BOWEN LLP**
215 South Monroe Street
Suite 804
Tallahassee, FL 32301
(850) 241-1728
NMeros@shutts.com

April 10, 2026

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

> Re:  Response to Notice of Supplemental Authority in *Disability Rights Florida v. Secretary, State of Florida*, No. 23-13727

Dear Mr. Smith:

Secretary Cord Byrd, under Federal Rule of Appellate Procedure 28(j), responds to Plaintiffs' letter regarding the Eight Circuit's decision in *Get Loud Arkansas v. Jester,* No. 24-2810 (8th Cir. Mar. 31, 2026).

Plaintiffs state that the district court dismissed their Materiality Provision claim because wet signatures "carry different weight than other 'signatures.'" Notice at 2. To be sure, the district court properly concluded that non-original signatures are inherently not "equal in stature to an original, wet signature." DE 140 at 15. That is because, as the *Get Loud* dissent demonstrates, "wet-signature rules have been around in various forms for centuries" and applying them to voter registration applications "forces potential voters to think twice about lying in a way that drawing on a screen does not." Op. 13, 20-21. Thus, the district court did not need a developed record to recognize the common-sense connection between a wet signature requirement and a voter's qualifications.

But that was not the sole basis for the district court's order. Judge Winsor made clear that "the question is whether Plaintiffs' allegations here plausibly show that the wet-signature requirement is immaterial, and I conclude they do not." DE 140 at 16. That is because it is not plausible that a general signature requirement is material – which Plaintiffs admit – but Florida's version of that requirement is not material. Thus, as Judge Carnes noted during oral argument, there would be no point in remanding this



Nicholas J.P. Meros
*Partner*
**SHUTTS & BOWEN LLP**
215 South Monroe Street
Suite 804
Tallahassee, FL 32301
(850) 241-1728
NMeros@shutts.com

case for factual discovery because there are no facts Plaintiffs could find to support their claim that signatures are material, but wet signatures are not.

Moreover, it is not plausible that Florida's wet signature requirement, which has been law since at least 1868, becomes *immaterial* simply because Plaintiffs prefer to provide a different type of signature. That was not the case in *Get Loud*. There, Arkansas's signature requirements had historically allowed any type of signature. Thus, the Eighth Circuit concluded it was plausible that the Arkansas Board of Election Commissioners' wet signature requirement was immaterial. Not so in Florida.

The Court should disregard *Get Loud* and affirm the district court's order.

Sincerely,

Nicholas J.P. Meros
*Counsel for the Secretary*